**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TERRANCE GUIDRY,

    Plaintiff,

v.                                           Case No:   6:19-cv-1936-GAP-LRH

PENN CREDIT CORPORATION,

    Defendant.

**ORDER**

This case is before the Court on the parties' Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 57).

Upon review of the parties' Motion and supporting documentation, the Court needs additional information about the parties' proposal to "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *Fresco v. Auto Data Direct, Inc.*, No. 03–61063–CIV, 2007 WL 2330895, at *4 (S.D. Fla. May 14, 2007). The parties are therefore **ORDERED** to file a joint memorandum within 21 days of the filing of this order that addresses the following four issues:

1. The estimated size of each putative subclass.

2. The estimated cost of administration.

3.  Whether this proposal "treats class members equitably relative to each other" as required by Fed. R. Civ. P. 23(e)(2)(D) in light of the fact that Skip Trace Subclass members receive notice and monetary relief, while Non Skip Trace Members receive neither—even though both groups are in the Settlement Class.[1]

4.  Whether the Settlement Class is "adequately defined and clearly ascertainable." *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012). The Settlement Class's definition includes those who "were sent and/or received, *without consent*, a prerecorded voicemail message." Doc. 57-1 ¶ 1.10. But the Motion highlights a "significant hurdle" in "determining whether each [Non Skip Trace Subclass] member consented to" receive calls. Doc. 57 at 23. Since the Non Skip Trace Subclass includes "all persons who are Class Members but are not also Skip Trace Subclass Members," (Doc. 57-1 ¶ 1.23) the Court is concerned that the difficulty in determining whether Non Skip Trace Members consented may render that subclass functionally empty.

---

[1] The Court notes that while Non Skip Trace Subclass Members would "maint[ain] their right to pursue individual monetary recovery," this right appears illusory. As the Motion points out, "there is no indication that Members of the Skip Trace Subclass have an interest in individual litigation or an incentive to pursue their claims individually." Doc. 57 at 18. Why would this not also be true of the Non Skip Trace Subclass?

After receipt of this memorandum, the Court may schedule a hearing to consider preliminary approval of the proposed settlement if necessary.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 9, 2021.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party