**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TERRANCE GUIDRY,

      Plaintiff,

v.                                                     Case No:   6:19-cv-1936-GAP-LRH

PENN CREDIT CORPORATION,

      Defendant.

## ORDER

This matter is before the Court without oral argument upon consideration of the parties' Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 57). The Court, being fully advised, hereby finds and orders as follows:

1. Unless defined herein, all defined terms in this Order have the same meaning as the same term in the Settlement Agreement (Doc. 57-1).

2. The Court has conducted a preliminary evaluation of the Settlement Agreement. Based on that evaluation, the Court finds that the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 for settlement purposes only. The Court finds that (i) the Settlement Class is sufficiently numerous, (ii) there are questions of law and fact common to members of the Settlement Class that predominate over any individual issues, (iii) the

representative party fairly and adequately protects the interests of the class, and (iv) class treatment is an appropriate method for the fair and efficient adjudication of this controversy.

3. The Court further finds that (i) it has personal and subject matter jurisdiction over this matter, (ii) there is good cause to believe this settlement is fair, reasonable, and adequate, (iii) the Settlement Agreement has been negotiated at arm's length between experienced attorneys familiar with the legal and factual issues of this case, and (iv) the settlement warrants notice of its material terms to the Skip Trace Subclass for their consideration.

4. The Court will therefore grant preliminary approval of the settlement. Pursuant to Fed. R. Civ. P. 23(b)(2), and for settlement purposes only, the Court certifies the following Settlement Class, consisting of individual persons within the United States that were sent and/or received, without consent, a prerecorded voicemail message sent by VoApps to the individual's cellular voicemail service on behalf of Penn Credit from April 30, 2015 through and including the date of this order (the "Class Period"). Excluded from this Settlement Class are: (a) any persons who signed a release of Penn Credit Corporation related to such conduct in exchange for consideration; (b) any officers, directors, or employees, or immediate family members of the officers, directors, or employees of Penn Credit or any entity in which Penn Credit has a controlling interest; (c) any legal counsel

or employee of legal counsel for Penn Credit; and (d) the presiding Judge in this Action, as well as the Judge's staff and their immediate family members.

5. Pursuant to Fed. R. Civ. P. 23(b)(3), and for settlement purposes only, the Court also certifies the following Skip Trace Subclass, a subclass of the Settlement Class consisting of the approximately 1.8 million Class Members whose cellular telephone numbers were obtained by Penn Credit via the use of "skip tracing" or similar techniques.

6. Pursuant to Fed. R. Civ. P. 23(b)(2), and for settlement purposes only, the Court also certifies the following Non Skip Trace Subclass, a subclass of the Settlement Class consisting of all persons in the Settlement Class who are not also Skip Trace Subclass Members.

7. For settlement purposes only, the Court hereby appoints Plaintiff Terrance Guidry as Class Representative for the Settlement Class.

8. For settlement purposes only, the Court hereby appoints the following attorneys as Class Counsel and finds that they are competent and capable of exercising the responsibilities required of Class Counsel:

> John Yanchunis, Esq.
> Patrick A. Barthle II, Esq.
> Octavio Gomez, Esq.
> MORGAN & MORGAN, P.A.
> One Tampa City Center
> 201 North Franklin Street, 7th Floor
> Tampa, Florida 33602

jyanchunis@forthepeople.com
tgomez@forthepeople.com

9.      On September 20, 2021 at 9:00 a.m., this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement, and to determine whether (a) final approval of the Settlement Agreement should be granted, and (b) Class Counsel's application for attorney's fees and expenses, and an incentive award to the Class Representative, should be granted. No later than July 2, 2021, Plaintiff must file his papers in support of Class Counsel's application for attorneys' fees and expenses. No later than August 20, 2021, Plaintiff must file his papers in support of final approval of the Settlement Agreement and in response to any objections.

10.     Pursuant to the Settlement Agreement, American Legal Claim Services, LLC is hereby appointed as Settlement Administrator and must perform all of the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

11.     The Court approves the proposed plan for giving Notice to the Skip Trace Subclass, which includes email notice, the creation of the Settlement Website, and establishment of a toll-free telephone number, as fully described in the Settlement Agreement. The plan for giving Notice, in form, method, and content, fully complies with the requirements of due process and is due and sufficient notice to all persons entitled thereto. The Court hereby directs the

Parties and Settlement Administrator to provide Notice to the Skip Trace Subclass no later than June 4, 2021 (the "Notice Deadline").

12. Any member of the Settlement Class who intends to object to the Settlement Agreement must file a written objection with the Court by July 23, 2021 and serve a copy on the Settlement Administrator at the address provided in the Class Notice, which written objection must contain the following:

    a. the full name, address, telephone number, and personal signature of the objecting Settlement Class Member;

    b. the specific reasons for the objecting Settlement Class Member's objection to the Settlement, and a detailed statement of the factual and legal basis for such objections;

    c. the identity of all witnesses who the objecting Settlement Class Member may call to testify at the Final Approval Hearing; and

    d. a statement whether the objecting Settlement Class Member and/or his/her/its attorney(s) intend to appear at the Final Approval Hearing. Any attorney of an objecting Settlement Class Member who intends to appear at the Final Approval Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than July 30, 2021. If the objecting Settlement Class Member is represented by counsel and such

counsel intends to speak at the Final Fairness Hearing, the written objection must include a detailed statement of the specific legal and factual basis for each and every objection and a detailed description of any and all evidence the objecting Settlement Class Member may offer at the Final Fairness Hearing, including copies of any and all exhibits that the objecting Settlement Class Member may introduce at the Final Fairness Hearing.

13. Any Settlement Class Member who fails to timely file a written objection with the Court in accordance with this order and the terms of the Settlement Agreement and as detailed in the Notice, will not be permitted to object to the Settlement Agreement at the Final Approval Hearing, and will be foreclosed from seeking any review of the Settlement Agreement by appeal or other means and will be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

14. Any member of the Skip Trace Subclass may "opt-out" and request to be excluded from the Settlement Class by mailing a Request for Exclusion by first-class mail, postage prepaid, and postmarked to the address of the Settlement Administrator as specified in the Class Notice by July 23, 2021. Such Request for Exclusion shall clearly indicate the name, address, telephone number, the name

and case number of the Action, a clear and unequivocal statement that the person wishes to be excluded from the Settlement Class, and the signature of such person or, in the case of a Skip Trace Subclass Member who is deceased or incapacitated, the signature of the legally authorized representative of such person. Each written request for exclusion can only request exclusion for the named individual; mass or class exclusions are not permissible.

15. The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement Agreement and this Order, are not and will not in any event be described as, construed as, offered, or received against the Released Parties as evidence of and/or deemed to be evidence of any presumption, concession, or admission by any Released Party of the truth of any fact alleged by Plaintiff; the validity of any claim that has been or could have been asserted in the Action or in any litigation; the deficiency of any defense that has been or could have been asserted in the Action or in any litigation; or any liability, negligence, fault, or wrongdoing of any of the Released Parties. Defendant has denied and continues to deny the claims asserted by Plaintiff. Notwithstanding, nothing contained herein may be construed to prevent a Party from offering the Settlement Agreement into evidence for the purpose of enforcing the Settlement Agreement.

16. The certification of the Settlement Classes is binding only with respect to the settlement of the Action. In the event the Settlement Agreement fails to become effective, is overturned on appeal, or does not become final for any reason, the Parties will be restored to their respective positions in the Action as of the date of the signing of the Settlement Agreement, and no reference to the Settlement Class, the Skip Trace Subclass, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto may be made for any purpose.

17. Pending entry of a Final Approval Order and Judgment, the Parties shall cooperate in seeking orders that no person in the Settlement Class shall commence or continue any action, in any capacity, against Defendant or any other Released Parties asserting any of the Released Claims, including but not necessarily limited to *Thomas v. Penn Credit Corporation*, Case No. 19-cv-00823-GAP-EJK (M.D. Fla.).

18. The Parties are further authorized, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents, including, but not limited to, all exhibits thereto, so long as such amendments, modifications, and expansions are consistent in all material respects with the proposed terms of the

Final Approval Order and Judgment as set forth in Exhibit 2 to the Settlement Agreement.

19.  For clarity, the deadlines the parties shall adhere to are as follows:

| | |
|---|---|
| **Email Notice Completed by:** | June 4, 2021 |
| **Service Award and Fee Motion** | July 2, 2021 |
| **Objection/Exclusion Deadline** | July 23, 2021 |
| **Claim Deadline** | August 6, 2021 |
| **Final Approval Submission** | August 20, 2021 |
| **Final Approval Hearing** | September 20, 2021 |

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 6, 2021.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

- 9 -